**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



MICHAEL JAMES SHUKRY,

    Petitioner - Appellant,

 v.

M. S. EVANS,

    Respondent - Appellee.

No. 12-15119

D.C. No. 2:09-cv-00669-JKS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, Senior District Judge, Presiding

Submitted August 12, 2014[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, and SILVERMAN and CLIFTON, Circuit Judges.

 Michael James Shukry appeals from the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus. We conclude that Shukry's ineffective

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

assistance of counsel claim does not survive the doubly deferential standard of review applicable to an ineffective assistance of counsel claim under AEDPA, 28 U.S.C. § 2254(d). *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Accordingly, we affirm.

Shukry has not shown that the Sacramento Superior Court unreasonably applied *Strickland v. Washington*, 466 U.S. 668, 687, 691 (1984), or made an unreasonable determination of the facts of Shukry's case when it rejected his ineffective assistance of counsel claim. Shukry's trial attorney's strategic decision to eschew the roof fall version of events as a defense theory was not professionally deficient. It was a reasonable judgment that presenting Shukry's third version of events would have been unlikely to persuade the jury and would have damaged Shukry's credibility generally. The defense that counsel presented, though ultimately unsuccessful, was not as implausible as Shukry now asserts. The prosecution's medical experts admitted that some of the boy's injuries could have occurred up to three days before he died, lending support to counsel's theory that there was doubt that the injuries were inflicted when Shukry was taking care of him.

Additionally, Shukry was not prejudiced by trial counsel's decision. The sheer number of bruises and injuries on the victim's body corroborated strongly

with physical assault. Given the lateness of Shukry's roof story and the medical experts' unanimous conclusion that the boy was a victim of child abuse, there was not a "reasonable probability" that the jury would have found Shukry not guilty even if counsel had pursued the roof story. *See id.* at 695. At a minimum, that was a question as to which fairminded jurists could disagree. The state court's adjudication of the claim was not unreasonable.

**AFFIRMED.**